**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **In re: Hotel Industry Sex Trafficking Litigation** | MDL Docket No. \_\_\_\_\_ |

### PLAINTIFFS' MOTION FOR TRANSFER OF ACTIONS TO THE SOUTHERN DISTRICT OF OHIO (EASTERN DIVISION) PURSUANT TO 28 U.S.C. § 1407 FOR CONSOLIDATED PRETRIAL PROCEEDINGS

Plaintiffs in seven (7) civil actions pending in five (5) different United States District Courts, Exhibit "1" (collectively, "Plaintiffs") respectfully move the Judicial Panel on Multidistrict Litigation (the "Panel"), pursuant to 28 U.S.C. § 1407 and Rule 6.2 of the Rules of Procedure of the Panel, to transfer the related actions listed in the attached Schedule of Actions, Exhibit "2", and subsequent tag-along actions, to the Honorable Algenon L. Marbley, Chief Judge of the United States District Court for the Southern District of Ohio, for pre-trial coordination or consolidation.

Transfer is appropriate for the following reasons:

1. Movants seek transfer and coordination or consolidation of all cases filed by victims of human sex trafficking ("Plaintiffs") against Defendants[1] ("Defendants"), who derived profit from and/or owned, operated, managed, or otherwise controlled hotels where Plaintiffs were trafficked to provide sex services. The actions are identified in the Schedule of Actions Defendants as well as tag-along cases filed in the future, to the Southern District of Ohio (Eastern Division), and the designation of the Hon. Algenon L. Marbley as the transferee judge.

---

[1] Defendants are defined as companies in the hospitality industry including: 1) Wyndham Hotels and Resorts, Inc.; 2) Choice Hotels Corporation; 3) Inter-Continental Hotels Corporation; 4) Best Western International, Inc.; 5) Marriot International, Inc.; 6) Hilton Worldwide Holdings, Inc.; 7) G6 Hospitality LLC; 8) Red Roof Inns, Inc.; 9) Westmont Hospitality Group, Inc.; 10) Hyatt Hotels Corporation; 11) RLH Corporation; 12) Extended Stay America; and 13) Interstate Hotels & Resorts.

1

2. Presently, there are at least 14 substantially similar federal actions filed on behalf of Plaintiffs in 7 different federal district courts alleging similar wrongful conduct on the part of the Defendants. Cases brought by Plaintiffs against the Defendants are pending in federal courts in five different District Courts across the country.

3. The related actions assert substantially similar claims and seek substantially similar relief. Plaintiffs have brought claims to recover damages under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a), as well as similar state statutory laws, and state common law.

4. The TVPRA provides a right of civil action for damages against "whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter [18 U.S.C. §§ 1581-1597 (2016)] Defendants. As such, the TVPRA required Defendants to implement policies sufficient to identify and prevent participation in trafficking ventures.

5. Defendants violated the TVPRA by renting rooms to people it knew or should have known were engaged in sex trafficking. Furthermore, Defendants, intentionally, recklessly or negligently, engaged in acts and omissions that supported, facilitated, harbored, and otherwise furthered the trafficker's sale and victimization of the Plaintiffs for commercial sexual exploitation.

6. Specifically, By way of examples, Defendants failed develop training to prevent human trafficking, failed to implement training to prevent human trafficking, and failed to conduct audits to confirm both that training has been implemented and that human trafficking is being prevented on hotel properties. Failed to make countenancing human trafficking an employment/trafficking violation subject to immediate employment termination requirements and/or franchising penalties/termination and then execute upon that through audits. Defendants further failed to enact

robust policies and practices to ensure continuous dedication to combating human trafficking. Defendants failed to safeguard and monitor technology on their premises, including internet and VPN activity, thereby often allowing traffickers to facilitate and engage in the commercial sex trade with Defendants' technology. It was only after Defendants began to see that this litigation was starting to emerge that some Defendants started to take some of these measures and/or enforce those that they had created but ignored. Defendants failed to post information listing the numerous red flag indicators of trafficking present throughout the related cases in the Schedule of Actions.

7. Effort on the part of Defendants to comply with the TVPRA, could have prevented the horrors of sex trafficking the Plaintiffs suffered. But Defendants instead ignored their statutory and other duties including non-delegable duties Defendants were motivated by a desire to not save costs at the expense of the safety and well-being of vulnerable persons. Moreover, Defendants ignored their duty to identify, investigate and report suspected human trafficking, and then refuse to rent rooms to suspected traffickers, thereby allowing the Defendants to unlawfully profit from human trafficking ventures.

8. After years of suffering in silence, a number of Plaintiffs across the country have found their voice to speak up about and speak out against the sexual violence suffered on the premises of Defendants. Plaintiffs have suffered substantial physical and psychological injuries, and other damages, as a result of being trafficked at Defendants' properties.

9. As explained in more detail in the accompanying brief, the lawsuits contain the same core factual allegations, and raise a volume of additional common issues, regarding Defendants' conduct. The convenience of the courts, witnesses, parties, and counsel will all be served by transfer of these cases to the Honorable Algenon L. Marbley, United States District Chief Judge, Southern District of Ohio, for coordinated and consolidated pre-trial proceedings.

10. Absent transfer, the parties and courts will be subject to potentially inconsistent pretrial rulings on discovery and substantive matters, duplicative discovery, including expert discovery, and the burden and inconvenience of litigating the same issues and producing many of the same witnesses and documents in numerous individual cases in different judicial districts.

11. The moving Plaintiffs submit that the cases should be transferred to a single District for coordinated and consolidated pretrial proceedings. As explained in Plaintiffs' accompanying brief, the criteria utilized by this Panel in making its transfer decisions militate in favor of transfer to the Southern District of Ohio.

12. In support of this motion, Movants file:

(a) A Brief describing the background of the litigation and the Movants' factual and legal contentions;

(b) A numbered Schedule of Actions providing i) the complete name of each action involved, listing the full name of each party included as such on the district court's docket sheet; ii) the district court and division where each action is pending; iii) the civil action number of each action; and, iv) the name of the Judge assigned to each action;

(c) A copy of all complaints and docket sheets for all actions listed on the schedule;

(d) Statement of Oral Argument;

(e) Proof of Service.

WHEREFORE, Plaintiffs respectfully request that the Panel grant their motion and transfer these cases, for coordinated and consolidated pre-trial proceedings, to the Southern District of Ohio and assign them to Chief Judge Algenon L. Marbley.

Dated: December 9, 2019

                                            Respectfully submitted,

                                            */s/ Paul J. Pennock*
                                            Paul J. Pennock
                                            **Weitz & Luxenberg, P.C.**
                                            700 Broadway
                                            New York, NY 10003
                                            Tel: (212) 558-5549
                                            Email: ppennock@weitzlux.com

                                            */s/ Kimberly L. Adams*
                                            Kimberly L. Adams
                                            **Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA**
                                            316 S. Baylen Street, Suite No. 600
                                            Pensacola, FL 32502
                                            Tel: (850) 435-705
                                            Email: kadams@levinlaw.com

                                            */s/ Kimberly A. Dougherty*
                                            Kimberly A. Dougherty
                                            **Andrus Wagstaff, PC**
                                            19 Belmont St.
                                            South Easton, MA 02375
                                            Telephone: (508) 230-2700
                                            E-mail: kim.dougherty@andruswagstaff.com

                                            *Attorneys for Plaintiffs*