UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: HOTEL INDUSTRY SEX TRAFFICKING LITIGATION         MDL No. 2928

ORDER DENYING TRANSFER

**Before the Panel**: Plaintiffs in six actions move under 28 U.S.C. § 1407 to centralize this litigation in the Southern District of Ohio.[1] This litigation consists of 21 actions pending in 12 districts, as listed on Schedule A. Since the filing of the motion for centralization, the Panel has been notified of 17 related actions. Plaintiffs in all actions allege that they are victims of sex trafficking that occurred at hotel properties located across the country and that the involved hotel defendants are liable for damages under the Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 18 U.S.C. §1595, and, in some instances, state law.

Responding plaintiffs in five actions on the motion and six potential tag-along actions support centralization, but disagree on the appropriate transferee district, variously proposing the Southern District of Ohio, the Southern District of Texas, the Eastern District of New York, and the District of Minnesota as their preferred or alternative choice. Plaintiffs in four actions on the motion oppose centralization and, alternatively, request the Northern District of Georgia. Nineteen anti-sex trafficking organizations provided their views in two amicus briefs – one opposing centralization, and the other supporting centralization.[2]

The defendants are mainly hotel brand franchisors, franchisees, other individual hotel owners and operators, and related entities. Of the 45 responding defendants, 38 defendants oppose centralization,[3] including brand defendants Best Western, Choice, Extended Stay America, Hilton,

---

[1] The motion for centralization states that movants are plaintiffs in seven actions, but the list of movants – both the original and amended version – identifies six actions.

[2] Amici opposing centralization are: 4Sarah, Divas Who Win Freedom Center, Georgia Cares, House of Cherith, House of Hope, International Human Trafficking Institute, Out of Darkness, Rescuing Hope, Street Grace, Sunrise Ministries, Wilbanks Child Endangerment and Sexual Exploitation Clinic, and youthSpark. Amici supporting centralization are: Awaken, Empower Her Network, More Too Life, Inc., National Center on Sexual Exploitation, World Without Exploitation, Justice Restoration Center, and Trafficking Law Center.

[3] Best Western International, Inc. ("Best Western"); Choice Hotels International, Inc., sued as Choice Hotels Corporation, Comfort Inn, and Econo Lodges of America, Inc. ("Choice"); Extended Stay America, Inc., ESA Management, LLC, ESA P Portfolio, LLC, and ESA P Portfolio Operating Lessee (together, "Extended Stay America"); Hilton Worldwide Holdings Inc., Hilton Domestic Operating Company Inc., Hilton Franchise Holding LLC, and Hilton Management LLC ("Hilton"); Hyatt Corporation and Hyatt House Franchising, LLC ("Hyatt"); Marriott International,

Hyatt, Inter-Continental, Marriott, and Wyndham.  In the event that centralization is granted over their objections, they variously suggest the Southern District of Texas, the Northern District of Georgia, the Southern District of Ohio, the Northern District of California, and the District of Massachusetts.[4]  Six defendants take no position on centralization and, in the alternative, suggest the Northern District of Georgia.[5]  One defendant, Red Roof Asset, LLC, supports centralization in the Northern District of Georgia.

On the basis of the papers filed and the hearing held, we conclude that centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation.  Movants rely on broad similarities among the actions to support their request for centralization, emphasizing similar alleged failures by hotels to prevent sex trafficking and the importance of corporate responsibility.  More specifically, they argue that all plaintiffs were victims of commercial sex trafficking at one or more hotels, that defendants knew or should have known that plaintiffs were being trafficked, and that defendants participated and knowingly financially benefitted by renting rooms to the alleged traffickers in violation of the TVPRA.  We recognize the seriousness of these allegations and are sympathetic to counsel's concern for the fair treatment of victims.  But the concerns they have raised do not satisfy the requirements of Section 1407.  The vast majority of actions involve different hotels, with the sole exception of the four *Jane Doe* actions in the Northern District of Georgia.[6]  Apart from the Georgia actions, each action involves different alleged sex trafficking ventures, different hotel brands, different owners and employees, different geographic locales, different witnesses, different indicia of sex trafficking, and different time periods.  Thus,

---

Inc. ("Marriott"); Inter-Continental Hotels Corporation ("Inter-Continental"); Wyndham Hotels & Resorts, Inc., Wyndham Franchisor, LLC, Ramada Worldwide Inc., Microtel Inns and Suites Franchising, Inc., La Quinta Worldwide, LLC, and LQ Management, L.L.C. ("Wyndham"); CorePoint Lodging Inc., CPLG Properties L.L.C., and CPLG HOL L.L.C. ("CorePoint"); Kuzzins Buford, LLC; Laxmi Druid Hills Hotel, LLC; JHM Hotels Management, Inc.; Auro Hotels Management, LLC; Jeet & JJ, LLC; 2014 SE Owner 5-Emory, LLC; Shahil LLC; Ambach Corp.; Vahari Hotel, LLC; Columbus Hospitality, LLC; Hament Desai; VAD Property Management, LLC; Buckeye Hospitality, Inc.; 2005 Investors LLC; and Craigslist, Inc.

[4]  Ambach Corp., a defendant in the District of Massachusetts *Doe C.D.* action, requests that the state law claims in *Doe C.D.* be excluded from the proposed MDL if the actions are centralized outside of Massachusetts.

[5]  These defendants are: Red Roof Inns, Inc.; FMW RRI NC, LLC; RRI III, LLC; Westmont Hospitality Group, Inc.; WHG SU Atlanta LP; and Sub-Su Hotel GP, LLC.  In their Panel briefs, they supported centralization in the Northern District of Georgia.  At oral argument, they stated that they wish to withdraw the portion of their briefs supporting centralization, and clarified that they now take no position but, in the event of an MDL, seek the Northern District of Georgia.

[6]  The *Jane Doe* actions in Georgia allege that plaintiffs were trafficked at a total of ten hotels in the Atlanta area.  Some of those hotels are named in multiple actions, and two hotels are named in all four actions. These four actions already are being coordinated before a single judge.

-3-

unique issues concerning each plaintiff's sex trafficking allegations predominate in these actions.[7] Indeed, there is no common or predominant defendant across all actions, further indicating a lack of common questions of fact.

Plaintiffs contend that the assertion of a common claim for relief under the TVPRA is sufficient to warrant centralization as there are common questions as to the statute's interpretation, particularly as to the scope of the brand defendants' duties under the TVPRA and the standard for liability. But "[c]ommon legal questions are insufficient to satisfy Section 1407's requirement of common factual questions."[8]

Plaintiffs also assert that the number of actions is likely to expand substantially, referring to potentially 1,500 additional actions. But the mere possibility of additional actions does not support centralization, even where thousands of actions are predicted.[9] Moreover, our decision to deny centralization in this matter is not based on an insufficient number of actions, but rather the lack of common factual questions in this litigation.

In these circumstances, informal coordination is preferable to address any overlapping pretrial proceedings. The record before us indicates such coordination is practicable. For example, where multiple related actions are pending in a single district, the parties may request that the actions be organized before a single judge, as has occurred in the Southern District of Ohio and the Northern District of Georgia. Several of the brand defendants support informal coordination, suggesting that the parties could stipulate that discovery in one action may be used in other actions where the same brand is involved. Additionally, there are a limited number of overlapping plaintiffs' counsel in the majority of actions before the Panel, making them well-positioned to facilitate informal coordination.

---

[7] For example, the Southern District of Ohio *T.S.* action alleges that the trafficking took place at two hotels in Ohio – a Super 8 (a Wyndham brand hotel) and a Holiday Inn (an Inter-Continental brand hotel), whereas the Northern District of New York *V.G.* action alleges that the trafficking took place in New York at a Motel 6 (a G6 Hospitality brand) and the Southern District of Texas *L.W.* action alleges that the trafficking took place in Houston at a Hilton hotel. Given the different locales, hotel properties, and defendants in these and other actions, the factual issues are highly unlikely to overlap.

[8] *See, e.g., In re ABA Law School Accreditation Litig.*, 325 F. Supp. 3d 1377, 1378 (J.P.M.L. 2018) (denying centralization of three actions bringing nearly identical legal challenges to certain ABA standards governing law school accreditation); *In re SFPP, LP., R.R. Prop. Rights Litig.*, 121 F. Supp. 3d 1360, 1361 (J.P.M.L. 2015) (denying centralization where the "key issue" in the litigation was "legal in nature," observing that "[s]eeking a uniform legal determination . . . generally is not a sufficient basis for centralization.")

[9] *See, e.g., In re Route 91 Harvest Festival Shootings in Las Vegas, Nevada, on October 1, 2017*, 347 F. Supp. 3d 1355, 1358 (J.P.M.L. 2018) (explaining that the Panel generally "does not take into account the mere possibility of future filings when considering centralization" where defendant argued that it had received pre-litigation letters from 63 attorneys representing 2,462 individuals and one attorney claimed that 22,000 lawsuits were expected).

-4-

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |

IN RE: HOTEL INDUSTRY SEX TRAFFICKING LITIGATION                MDL No. 2928

## SCHEDULE A

### Northern District of Georgia

DOE 1 v. RED ROOF INNS, INC., ET AL., C.A. No. 1:19-03840
DOE 2 v. RED ROOF INNS, INC., ET AL., C.A. No. 1:19-03841
DOE 3 v. RED ROOF INNS, INC., ET AL., C.A. No. 1:19-03843
DOE 4 v. RED ROOF INNS, INC., ET AL., C.A. No. 1:19-03845
H.M. v. RED LION HOTELS CORPORATION, ET AL., C.A. No. 1:19-04859

### District of Massachusetts

DOE C.D. v. R-ROOF ASSET, LLC, ET AL., C.A. No. 1:19-11192

### Eastern District of Michigan

H.G. v. MARRIOTT INTERNATIONAL, INC., ET AL., C.A. No. 4:19-13622

### District of New Hampshire

K.B. v. INTER-CONTINENTAL HOTELS CORPORATION, ET AL.,
    C.A. No. 1:19-01213

### Eastern District of New York

S.J. v. CHOICE HOTELS CORPORATION, ET AL., C.A. No. 1:19-06071

### Northern District of New York

V.G. v. G6 HOSPITALITY, LLC, C.A. No. 1:19-01520

### Southern District of Ohio

H.H. v. G6 HOSPITALITY LLC, ET AL., C.A. No. 2:19-00755
M.A. v. WYNDHAM HOTELS & RESORTS, INC., ET AL., C.A. No. 2:19-00849
DOE S.W. v. LORAIN-ELYRIA MOTEL, INC., ET AL., C.A. No. 2:19-01194
T.S. v. INTERCONTINENTAL HOTELS GROUP, ET AL., C.A. No. 2:19-02970
A.C. v. RED ROOF INNS, INC., ET AL., C.A. No. 2:19-04965
C.T. v. RED ROOF INNS, INC., ET AL., C.A. No. 2:19-05384

- A2 -

<u>District of Oregon</u>

B. v. HILTON WORLDWIDE HOLDINGS, INC., ET AL., C.A. No. 3:19-01992

<u>Eastern District of Pennsylvania</u>

A.B. v. MARRIOTT INTERNATIONAL, INC., C.A. No. 2:19-05770

<u>Southern District of Texas</u>

L.W. v. HILTON WORLDWIDE HOLDINGS, INC., ET AL., C.A. No. 4:19-04172

<u>Eastern District of Virginia</u>

A.D. v. WYNDHAM HOTELS AND RESORTS, INC., C.A. No. 4:19-00120

<u>Western District of Washington</u>

M.L. v. CRAIGSLIST, INC., ET AL., C.A. No. 3:19-06153